## GANDIA *v.* PETTINGILL.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 97. Argued December 14, 1911.—Decided January 9, 1912.

In the absence of express malice or excess, publication of actual facts is not libellous, and in case of mere excess without express malice the only liability is for damages attributable to the excess; and refusal of the trial court to charge to this effect is error.

*Quære:* whether attributing to a person conduct that is lawful can be libellous.

The stricter practice is to note the exceptions before the jury retires; but if all the exceptions are noted in open court after jury returns and no wrong is suffered, an exception will not be sustained on that ground.

4 Porto Rico Fed. Rep. 383, reversed.

THE facts are stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. John Spalding Flannery, Mr. William Hitz* and *Mr. H. H. Scoville* were on the brief, for plaintiffs in error:

It was error in law on the part of the trial judge to refuse to permit counsel for defendant below to state, while the jury was yet at the bar, his exceptions to such portions of the court's instructions to the jury as seemed to him to be objectionable either in matter of law or in matter of fact. *Phelps* v. *Mayer,* 15 How. 160; *United States* v. *Breitling,* 20 How. 252; *Dredge* v. *Forsyth,* 2 Black, 563, 564; *Bram* v. *United States,* 168 U. S. 532, 571.

The rule has been frequently reiterated and followed in the inferior Federal courts. *Stone* v. *United States,* 64 Fed. Rep. 667, 677; *Little Rock Granite Co.* v. *Dallas Co.,* 66 Fed. Rep. 522; *Johnson* v. *Garber,* 73 Fed. Rep. 523; *Merchants' Bank* v. *McGraw,* 76 Fed. Rep. 930, 935; *New England Co.* v. *Cathicolicon Co.,* 79 Fed. Rep. 294, 295; *West. Un. Tel. Co.* v. *Baker,* 85 Fed. Rep. 690; *Greene* v. *United States,* 154 Fed. Rep. 401, 412; *Accident Assn.* v. *Fulton,* 79 Fed. Rep. 423; *Dalton* v. *Moore,* 141 Fed. Rep. 311, 314; *Mining Co.* v. *Firment,* 170 Fed. Rep. 151; *Mann* v. *Dempster,* 179 Fed. Rep. 837.

In *Perez* v. *Fernandez,* 202 U. S. 80, 91, this court spoke of the difficulty of undertaking to establish a common-law court and system of jurisprudence in a country hitherto governed by codes having their origin in the civil law, where the bar and the people know little of any other system of jurisprudence.

In the case at bar, however, the Porto Rican legislature by statutory enactment had "established" the civil action to recover damages for libel and slander and had carefully defined each of such offenses, had established certain rules for the guidance of the courts in the administration of such actions, and had declared in precise phrase

when the existence of malice might or might not be presumed, and had provided by § VI, that if the plaintiff be a public employé, and the libel refers to acts connected with his office, judgment shall be rendered for the defendant if he prove the truth of his charges.

Under the generally established American law in every instance of slander, either verbal or written, malice is an essential ingredient, and whenever substantially averred and the language, either written or spoken, is proved as laid, its existence will be inferred by the law until, in the event of denial, the proofs be overthrown or the language itself be satisfactorily explained.

Under the Porto Rican law publications or communications of certain specified classes (see § 4) are expressly excluded from any presumption or inference of malice— an exception to the law of inference being (see § 5) cases of injurious communications or writings "made without justifiable motive and addressed to persons other than to a relative within the third degree or other persons specifically identified."

Under the American law words prejudicial in a pecuniary sense, *e. g.*, implying unfitness of a person in office, or improper conduct on his part in connection therewith, are said to be actionable *per se*, whereas, under the Porto Rican law (see § 6), if the plaintiff be a public employé and the alleged libel refers to acts connected with the conduct of his office, judgment shall be rendered for the defendant if he prove the truth of his charges.

Under the American law, in a criminal prosecution for libel, the truth of the charges made constitutes no defense: *White* v. *Nichols*, 3 How. 266; *Dorr* v. *United States*, 195 U. S. 138; although it is otherwise in the civil action to recover damages for libel.

Under the Porto Rican law the truth of the matters, written or spoken, of any public employé, is a complete defense to an action of libel and would equally seem to

constitute a defense in the case of private individuals in the absence of evidence tending to show that the publication had been "made without justifiable motive."

At no time did the plaintiff either deny or seek to disprove the truth in matter of fact of any of the statements contained in said publications; on the contrary, he expressly admitted the truth thereof.

The Porto Rican act of March 9, 1905 (Laws of Porto Rico, 1905–1906, p. 123), expressly declares: "Sec. 1. That the fiscal of the Supreme Court, *District Attorneys* and municipal judges are hereby prohibited from engaging in the practice of the law."

*Mr. Willis Sweet* and *Mr. George H. Lamar* for defendant in error:

The complaint set forth a publication against plaintiff which was libellous *per se.* The language used showed a clear intent to injure plaintiff in his profession as a lawyer and to induce the public to believe that he was intentionally and continuously violating the law and guilty of unprofessional conduct.

The law of libel as it exists in most of the States is applicable in Porto Rico, § 568, Rev. Stat. of 1902; and as to what are libels actionable *per se,* see *White* v. *Nichols,* 3 How. 266, 285, 291.

Any publication tending to injure a plaintiff in his business or profession is actionable *per se.* *Peck* v. *Tribune Co.,* 214 U. S. 185; see also *Tillotson* v. *Cheetham,* 3 John. 56; *Tawney* v. *Simonson &c. Co.,* 109 Minnesota, 341; *Lathrop* v. *Sundberg,* 55 Washington, 144; *Kidder* v. *Bacon,* 74 Vermont, 263; *Wefford* v. *Meeks,* 129 Alabama, 349; *Burt* v. *Newspaper Co.,* 154 Massachusetts, 238; *Culmer* v. *Canby,* 41 C. C. A. 302; *Davis* v. *Shepstone,* 11 App. Cases 187.

The court below, instead of committing error to the prejudice of the defendant below, ruled more favorably to

him than the law required when it excluded from the consideration of the jury in estimating damages the amount of the plaintiff's salary from the date of his removal to the end of his term of office. *Sunley* v. *Insurance Co.,* 132 Iowa, 123; *Kidder* v. *Bacon, supra.*

The publications were not justifiable. It is quite different to say that charges are *justified* and *justifiable* than to say that they are *true* as charged. One is a matter of the opinion of the pleader, the other a matter of fact susceptible of proof. It is one thing to say that charges of "improper and immoral conduct" "are based upon facts"; quite another to say that such charges are each and every one of them *true in fact*—and to specify the facts which support each and all of them. The rule of justification is strict to that very extent. The justification must be as broad as the libel. And equally so that such a defense must specify facts, not be limited to generalities and conclusions. Newell on Slander and Libel (2d ed.), 796; *Morning Journal Assn.* v. *Duke,* 63 C. C. A. 459; *Com'l Pub. Co.* v. *Smith,* 79 C. C. A. 410; *Kansas City Star Co.* v. *Carlisle,* 47 C. C. A. 384.

If there was error it was harmless or without prejudice, and whether cured by instructions to the jury or in any other manner will not be considered cause for reversal. *Drumm-Flato Com. Co.* v. *Edmisson,* 208 U. S. 534; *Texas & P. Ry. Co.* v. *Volk,* 151 U. S. 73; *Hartford &c. Co.* v. *Unsell,* 144 U. S. 439; *N. Y., L. E. & W. R. R. Co.* v. *Madison,* 123 U. S. 524; *So. Ry. Co.* v. *St. Louis &c. Co.,* 82 C. C. A. 614; *Gilmore* v. *McBride,* 84 C. C. A. 274.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for libels and comes here upon a bill of exceptions after a verdict for the plaintiff. The alleged libels consist of a series of articles in a Porto Rican news-

paper, La Correspondencia. These articles stated that
the plaintiff, Pettingill, while United States Attorney for
Porto Rico, carried on a private practice also, and even
acted as a lawyer on behalf of persons bringing suit against
the Government of Porto Rico. It seems that, if the
plaintiff had been an officer of the local government, he
would have been forbidden the practice by the local law,
and the articles convey the idea that if the practice is not
prohibited also by the law for United States officials, it
ought to be, especially as the Island is charged with a sal-
ary for the Attorney. The conduct of Mr. Pettingill in
the above particulars is described as a monstrous im-
morality, a scandal, &c., &c. In the view that we take it
is not necessary to state the charges here in detail, but it
should be observed that in the declaration the plaintiff
alleged that while United States Attorney he had a large
private practice, and implied, as in his evidence he stated,
that a part of this practice consisted of suits against the
local government. So there was no issue on the matter
of fact.

So far as the facts were concerned, the publication of
them alone was not libellous. For apart from the question
whether attributing to the plaintiff conduct that was law-
ful, as the plaintiff says, could be a libel, *Homer* v. *Engel-
hardt*, 117 Massachusetts, 539, he was a public officer in
whose course of action connected with his office the citizens
of Porto Rico had a serious interest, and anything bearing
on such action was a legitimate subject of statement and
comment. It was so at least in the absence of express mal-
ice, a phrase needing further analysis, although not for the
purposes of this case. Therefore the only question open
for consideration were the motives of the publication and
whether the comment went beyond reasonable limits,
which, of course, the defendant denied. But so far as we
see from reading the charge, the judge did not approach the
case from this point of view. For after saying to the jury

that fair comment upon the actions of public officials was privileged he went on "But you are instructed that in this case . . . [the articles] are what is known in law as libellous per se. . . . Therefore, in any event you must find for the plaintiff upon that issue and give him such damages as you may believe from all the facts and circumstances in the case he is entitled to," and after that proceeded to direct them only as to the conditions for finding punitive damages also. It is at least doubtful whether this instruction meant that the comments were excessive as matter of law. It rather would seem from the previous explanations given to the jury of the independence of United States officials notwithstanding the source of their salaries, and the instructions that the plaintiff's acts were lawful, that the defendant in order to justify himself would have to prove that they were wrong in law, and that his inability to do so might be considered as aggravation of the damages to be allowed, that the latter considerations alone were the ground for what we have quoted from the charge.

However this may be, what we have said is enough to show that the mind of the jury was not directed to what was the point of the case. We do not see how, making reasonable allowance for the somewhat more exuberant expressions of meridianal speech, it could be said as matter of law that the comments set out in the declaration went beyond the permitted line, and we think it at least doubtful whether the plaintiff would not have got all if not more than all that he could ask if he had been allowed to go to the jury on that issue. In the absence of express malice or excess the defendant was not liable at all, and in the case of mere excess without express malice the damages, if any, to which he was entitled were at most only such as could be attributed to the supposed excess. But what really hurt the plaintiff was not the comment but the fact. The witnesses for the plaintiff said that the people of Porto

Rico considered the acts charged immoral, and the statute referred to showed that such was their conception of public duty. It was peculiarly necessary therefore to instruct the jury that so far as the publication of facts disapproved by the community was concerned the plaintiff could not recover for it, however technically lawful his conduct might have been, except as we have stated above. Instructions were requested on the point, and the refusal to give them was excepted to, as also was the corresponding charge. Without nice criticism of the form of the requests it is enough to say that they were so nearly correct as to call the judge's attention to the matter and to require a different explanation of the defendant's rights.

An exception was taken to the judge's sending the jury out before the counsel for the defendant had stated all of his exceptions to the charge. The judge had told the counsel that he would not instruct the jury otherwise than as he had, and he allowed all the exceptions to be taken in open court after the jury had retired. No doubt it is the stricter practice to note the exceptions before the jury retires, (the judge of course having power to prevent counsel from making it an opportunity for a last word to them). *Phelps* v. *Mayer*, 15 How. 160. But in this case they were noted at the trial, in open court, *United States* v. *Breitling*, 20 How. 252; and in the circumstances stated the defendant suffered no wrong, so that we should not sustain an exception upon this ground.

*Judgment reversed.*