## N. B. K. PETTINGILL

*v.*

## MANUEL ZENO GANDIA.

San Juan, Law, No. 467.

ON MOTION FOR NEW TRIAL.

**New Trial—Juror.**

1. The fact that a juror is said to have considered a verdict for de-
VI. Porto Rico—30.

Pettingill v. Gandia.

fendant necessitated by the freedom of the press will not be considered by the court, particularly when the juror denies it.

Matters Not at Issue—Effect on Jury.

2. The fact that the court inadvertently gave a mistaken charge as to the pleadings will not be considered, when the charge was subsequently corrected by the court.

Juror—Brother as Witness.

3. Objection to the examination of a witness who is a brother of a juror is no reason for asking the court to set aside a verdict.

Bias of Juror—When Objected to.

4. When a juror is by his conduct shown to be biased against a party, objection should be taken immediately; but where the bias is of such a nature that the court is satisfied that it existed from the beginning, the result is that the party has not had a fair trial, and the verdict against him will be set aside.

Opinion filed January 13, 1914.

Mr. *Willis Sweet* for plaintiff.

Mr. *H. H. Scoville* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case has been before this court for several years, with different verdicts. The Supreme Court has simplified the matter very much by a decision in 222 U. S. 452, 56 L. ed. 267, 32 Sup. Ct. Rep. 127, which was the basis of the court's charge on the trial lately had. The verdict of the jury was for the defendant.

A motion is now made for a new trial, based upon several grounds.

First. It is shown by affidavit that juror Tingle considered

the verdict necessitated by his views of the proper freedom of the press, and this is alleged as one ground for a new trial. The juror himself denies the words attributed to him, as shown by his affidavit, and this ground of application may be dismissed, more particularly as this court has expressed several times its unwillingness to consider anything done or said by jurors not showing absolute fraud or wrong.

Second. It is also set out that the jury was influenced by matters not at issue, as shown by their inquiry of the court, after retiring, as to whether the cross-complaint would be settled by a verdict for the defendant. It seems that the court inadvertently gave a charge asked by one of the parties, directing the jury that they must reduce the complaint and cross-complaint to one verdict. This error, however, was cured by the subsequent instruction given by the court when the jury returned to the box after trial, instructing the jury that the cross-complaint was not within the issues, as it had been struck out by the court because barred by the statute of limitations. It is not shown, or to be presumed, that this point had any weight with the jury after it was thus eliminated.

Third. It seems that a person was called as a witness who was a brother of one of the jurors, and it is now alleged that the fact that the plaintiff objected to the examination of this witness may have prejudiced this juror against the plaintiff. The affidavit of the juror is introduced, showing that this was not so, but the court would not attach any importance to this allegation, even were there no affidavit. The elimination of this witness was in a way that did not at all reflect upon the witness, and the court does not see how it could have affected the jury.

Pettingill v. Gandia.

Fourth. The most serious ground for the motion for a new trial relates to the questions and the manner of juror Saldaña when the plaintiff Pettingill was on the stand. These indicated that his opinion was adverse to the action of the plaintiff, which was the basis of the alleged libel, and at least one question asked had to be checked by the court itself.

Two interesting matters are presented in this connection. In the first place it is replied by the defendant that, if there was anything improper in the action of the juror, it was evident at the time, and plaintiff should have moved the court immediately to take proper action. Instead of this, the plaintiff chose to proceed with the case, and, after taking the chances of a verdict, now comes before the court and asks for a new trial when the chances have been resolved against him.

The plaintiff's reply is that he could only have objected on the ground of bias, and that the juror would then and there have told the court, as he did at the beginning, that he had no conscious bias.

It is held in Monaghan v. Rolling Mill Co. 81 Cal. 190, 22 Pac. 590, and also in 29 Cyc. 813, and other authorities, that the objection must be made at the time.

It is further alleged by the defendant that the juror had a right at this time to an opinion upon the merits of the case, as both plaintiff and defendant had examined all their witnesses, and the incident occurred in a supplemental examination of plaintiff himself.

The point presented is one of difficulty. It unquestionably would have simplified matters had the plaintiff then and there moved to discharge the jury, or called on the court otherwise to pass upon the matter of bias of the juror. The court is well

satisfied, from the conduct of the juror, that there was a strong bias adverse to the plaintiff, and is disposed to conclude that this bias went back to the beginning of the trial. It is not true that the juror had a right to form and express an opinion at that stage of the case. A juror's mind must be in a receptive condition until the close of all the evidence and until the argument of counsel has been heard. Otherwise there is no use of having any argument by counsel, and no use for a charge by the court. The court is inclined to think that the bias as expressed went behind the evidence produced upon the trial, and has a strong doubt whether plaintiff, under those circumstances, obtained the fair trial to which every party is entitled under American practice.

At the same time it is true that the defendant also has rights in the premises. He is entitled to a speedy trial, especially in litigation already long continued as this. *Interest reipublicæ ut sit finis litiam.* The court is disposed, under all the circumstances of this case, to grant the new trial moved for, provided, however, that it can be had at once.

The court will therefore order that a new trial is granted, provided the case be set for trial at this San Juan term, and, to prevent any failure of justice and any question as to jurors upon the new trial, will, if requested, order a special venire to be summoned for that occasion. The case has been so long before the court that the new trial must be had at once, or this order will be revoked.

In the above the court does not wish to be understood as passing upon the merits of the verdict itself. The court is satisfied the law was properly given to the jury, and the decision of the matter of fact was, especially as it is a libel case,

expressly within the province of the jury. The court would not disturb the verdict if it was not satisfied that, upon the conduct of the juror as above expressed, there is extreme doubt as to the bias of at least óne of the jurors *ab initio.*