[No. 12513.   Department Two. — November 9, 1889.]

# WILLIAM MONAGHAN, RESPONDENT, v. PACIFIC ROLLING MILL COMPANY, APPELLANT.

NEGLIGENCE — DEFECTIVE ATTACHMENT OF MACHINERY — PLEADING. — In an action for injuries caused by the careless maintenance of defectively attached machinery by the defendant, if the machinery and apparatus is described in the complaint as "consisting of a high frame to which was fastened a hook, and from said hook a heavy chain," an allegation "that said machinery and apparatus were then and there unsafe, and the hook aforesaid was defective and unfit for the purpose of holding and supporting said chain and lever, and by reason thereof the said chain fell from said hook and down upon the plaintiff," does not limit the cause of action to a defect in the texture or strength of the hook, but includes a defect in the method by which the rod and chain were attached.

ID. — LAPSE OF TIME WITHOUT ACCIDENT — APPEAL — REVIEW OF EVIDENCE. — When the evidence in such action proves that the machinery was unsafe by reason of defective attachment, the lapse of years without accident is only a matter of wonderment, and cannot justify this court in setting aside a verdict for the plaintiff.

ID. — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS — VERDICT AGAINST LAW. — A verdict for the plaintiff in such action will not be held to be against law, as conflicting with the instructions of the court upon the subject of contributory negligence, if there was no evidence requiring the jury to find the existence of contributory negligence, or if the instructions, when properly construed together, were conditioned upon the absence of negligence in the defendant, and the evidence proved the existence of such negligence.

ID. — CONSTRUCTION OF INSTRUCTION. — An instruction must be construed in connection with all the other instructions, to ascertain its meaning.

NEW TRIAL — MISCONDUCT OF JURY — WAIVER OF OBJECTION. — It is improper for jurors to talk with each other about the case before it is finally submitted; but when the matter talked about is the statement of a self-evident fact which could not have improperly influenced the verdict, and was known to appellant at the time of its occurrence, who made no ob-

jection thereto, it is not ground for a new trial. Appellant could not thus remain quiet, and take the chance of a favorable verdict, and keep this point in reserve.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. Z. Blakeman*, for Appellant.

The plaintiff was bound, in order to recover, to prove two things: 1. That the machinery, to wit, the hook, was defective or unsafe; and 2. That the defendant had knowledge or notice of such defect or unsafeness. (2 Thompson on Negligence, p. 1053, sec. 48; Wood on Master and Servant, sec. 382; Shearman and Redfield on Negligence, sec. 99; *Atchison etc. R. R. Co.* v. *Wagner*, 33 Kan. 660.) There was negligence on the part of the plaintiff, which was the proximate cause of the injury. He was, as far as the evidence shows, in attempting to operate or help to operate the crane, outside his duty, and a mere volunteer, and hence not entitled to recover from the defendant. (*Fisk* v. *Central Pacific R. R. Co.*, 72 Cal. 38.) The misconduct of the jury could be called to the attention of the court in the motion for a new trial. (*People* v. *McCoy*, 71 Cal. 395.)

*Henry Perry*, and *W. S. Goodfellow*, for Respondent.

Plaintiff was entitled to assume that the apparatus was safe, not having been notified to the contrary. (*Beeson* v. *The Green Mountain etc.*, 57 Cal. 29; *Sanborn* v. *Madera Flume Co.*, 70 Cal. 261; *Colbert* v. *Rankin*, 72 Cal. 197.)

McFarland, J.—This is an action to recover damages for a personal injury. The verdict and judgment were for plaintiff, and defendant appeals from the judgment and from an order denying a new trial.

· The main facts of the case are these: The defendant was engaged in the business of rolling railroad iron, and used certain works, machinery, and apparatus for that purpose. Among other things so used was an iron rod about an inch thick and fourteen feet long, with a hook at each end, by which it was attached at each end to a chain, the whole hanging suspended from a beam in the building. The only means of securing the connection between the rod and the chains was the open hook at each end, placed in a ring in the chain; the hooks were not closed or fastened in any way. The lower end of the lower chain is connected with a lever, and the whole apparatus is used for handling heavy bars of railroad iron. Near this apparatus is a crane consisting of a perpendicular shaft turning upon a pivot, with an arm or jib projecting from the shaft at right angles, and about twelve feet from the ground. The crane is used to change the rolls, dies, etc., and as it swings around, the arm projects about a foot and a half beyond the said suspended rod and chain, and will strike the latter unless it is swung out of the way. Plaintiff was an employee of defendant. His main work was in the yard outside of the building, and he knew nothing of the condition of the rod, chains, etc. On August 8, 1882, he was ordered to do some work inside of the building, and while he, with one or two other employees, were moving the crane, as directed to do, the outer end of the arm caught the suspended rod and pushed it out of the upper ring, when it fell and injured plaintiff. The jury returned a verdict of fifteen hundred dollars. The gist of the action was the careless maintenance of the machinery, as above described.

1. Appellant contends that the proof does not sustain the cause of action alleged in the complaint, because, as he contends, the alleged cause of the injury was a defective hook, and the evidence does not show a defective hook. But we think that if the maintenance of the rod,

hooks, and chains, as above described, was carelessness for which appellant was liable, then the complaint was sufficient to include that cause of action. The complaint, after describing the apparatus "consisting of a high frame to which was fastened a hook, and from said hook a heavy chain," etc., avers "that said machinery and apparatus were then and there unsafe, and the chain aforesaid was not securely fastened, and the hook aforesaid was defective and unfit for the purpose of holding and supporting said chain and lever, and by reason thereof the said chain fell from said hook and down upon the plaintiff." Appellant contends that the phrase "by reason thereof" should be referred solely to some defect in the texture or strength of the hook. We think, however, that the averment clearly includes a defect in the method by which the rod and chain were attached.

2. Appellant argues that the evidence was insufficient to prove that the machinery was defective or unsafe. But it would be going beyond the province of this court to hold that the jury erred in finding this unfastened, loose-jointed skeleton of rod and chain, liable every day to be dislocated by the blow of a long-armed crane, unsafe. It is argued that it had hung suspended there for some years without accident; but that circumstance is only a matter of wonderment, and is an instance of how good luck will sometimes protect carelessness for long periods.

3. The most grave point made by appellant is, that the verdict was against the second instruction asked by appellant and given by the court, to the effect that if the accident was caused by plaintiff or his co-employees "carelessly or negligently moving the arm of the crane against said suspended rod and chain, then plaintiff cannot recover in this action." But, in the first place, there was no evidence requiring the jury to find that the crane *was* moved "carelessly or negligently." And, in the second place, the said instruction must be considered

LXXXI. CAL.—13

in connection with all the other instructions, and considered thus together, they mean, simply, that if the machinery and apparatus were not unsafe, but the accident was caused by the careless moving of the crane, then plaintiff cannot recover.

4. There was no evidence calling upon the jury to find respondent guilty of contributory negligence.

5. There is a point made on the misconduct of the jury,—the point being that during the course of the trial one of the jurors stated to several of the other jurors "that if the hook at the top of the suspended rod had been entirely closed or lashed, the accident could not have happened," and "illustrated to them with the model used during the trial." It is, of course, improper for jurors to talk with each other about a case before it is finally submitted; but here all that was said is fully disclosed, and it is apparent that this statement of a self-evident fact could not have improperly influenced the verdict. Moreover, this circumstance was known to appellant at the time of its occurrence, and no objection was made; and he could not thus remain quiet and take the chance of a favorable verdict, and keep this point in reserve. (1 Hayne on New Trial, sec. 27, and cases there cited.)

There are no other points requiring notice.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.