[S. F. No. 2770.   Department Two.—September 28, 1903.]

## MICHAEL JOSEPH DOOLIN and MARY JANE DOOLIN, Respondents, v. OMNIBUS CABLE COMPANY, Appellant.

NEGLIGENCE—INJURY TO STREET-CAR PASSENGER—QUESTION FOR JURY.— In an action for damages for injury to a street-car passenger, owing to the alleged negligence of the driver of a horse-car, where upon the evidence it is debatable whether the driver was negligent, his negligence was a question for the jury; and where the fact of the accident and the resulting injury to the plaintiff, and the negligence of the driver, were established to the satisfaction of the jury, upon sufficient evidence, their verdict will not be disturbed.
CXL. Cal.—24

ID.—BURDEN OF PROOF—REFUSAL OF INSTRUCTION.—It was not error to refuse a correct instruction requested by the defendant upon the subject of the burden of proof, where the court had substantially embodied it in the charge to the jury.

ID.—INJURY TO NERVOUS SYSTEM—EFFECT UPON MUSICAL ABILITY—EVIDENCE—INSTRUCTION—SPECIAL DAMAGES.—When the complaint charged an injury to the plaintiff's brain, spine, and nervous system, and evidence of her musical ability and the impairment thereof was received without objection, an instruction that the jury should take into consideration her physical and mental condition before the accident, and should consider its effect upon her ability to play upon musical instruments and sing, is proper as germane to the question of injury to her nervous system, and the extent thereof, and is not to be regarded as instructing the jury to consider an element of special damage not pleaded, or to fix a monetary value of the impairment or loss of musical ability.

ID.—RIGHT OF WAY OF STREET-CAR—PRIVATE VEHICLE—MODIFICATION OF INSTRUCTION.—A requested instruction that a street-car has the right of way upon that portion of the street upon which it alone can travel, and that if a private vehicle in traveling upon the public highway meets with a street-car, the private vehicle must yield the right of way to the street-car, accurately states the law; but a modification thereof by inserting after the words "meets with a street-car," the words, "and there is no special reason to the contrary," though not making the instruction more clear, does not import any prejudicial error.

ID.—MISCONDUCT OF JUROR—WAIVER—OBJECTION UPON APPEAL.—The alleged misconduct of a juror in asking questions prejudicial to the appellant, to which no objection or exception was taken in the court below, cannot be urged for the first time upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

W. H. L. Barnes, and A. A. Moore, for Appellant.

The instruction as to injury to musical ability imported into the case an element of special damages not pleaded, and was erroneous. (*Malloy* v. *Thomas*, 98 Cal. 644; *Mitchell* v. *Clarke*, 71 Cal. 163;[1] *Comaskey* v. *Northern Pacific Ry. Co.*, 3 N. Dak. 276; *International R. R. Co.* v. *Thompson*, (Tex. Civ. App.), 37 S. W. 24; *Atchison etc. Ry. Co.* v. *Wille*, 57

[1] 60 Am. Rep. 529.

Kan. 764; *Hall* v. *City of Cadillac,* 114 Mich. 99.)    The evidence of negligence was insufficient.    The accident was inevitable, to the happening of which the defendant contributed nothing; and any presumption of negligence from the injury was overcome by the proof. (Shearman and Redfield on Negligence, sec. 16; *Brown* v. *Collins,* 53 N. H. 442;[1] *Holmes* v. *Mattis,* 16 S. W. 384.)    The misconduct of a juror prevented a fair trial. (Code of Civ. Proc., sec. 611; *Gollier* v. *State,* 20 Ark. 36; *Hutchinson* v. *State,* 160 Ind. 78; *State* v. *Hartman,* 46 Wis. 446; *Strauss* v. *Dashney,* 9 Ohio Dec. 329.)    The court erred in modifying the requested instruction as to the right of way of a street-car company, and such error must be presumed prejudicial. (*Hausman* v. *Hausling,* 78 Cal. 283; *Storch* v. *McCain,* 85 Cal. 304; *Cleary* v. *City R. R. Co.,* 76 Cal. 240; *Salinas City Bank* v. *De Witt,* 97 Cal. 78.)

Sullivan & Sullivan, for Respondents.

The evidence is sufficient to sustain the verdict. (Civ. Code, sec. 2100; *Osgood* v. *Los Angeles Traction Co.,* 137 Cal. 280;[2] *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173; *McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558, 561.)    There was no error in the instruction as to loss of musical ability as bearing upon the extent of the injury to the nervous system of plaintiff. (*Campbell* v. *Los Angeles Traction Co.,* 137 Cal. 565; *Heim* v. *McCaughan,* 32 Miss. 17;[3] *Consolidated Kansas City Co.* v. *Tinchert,* 2 Am. Neg. Rep. 534.)    Error as to the misconduct of any juror is waived by failure to object or except in the court below. (*Monaghan* v. *Rolling Mill Co.,* 81 Cal. 194; *Consolidated Ice Mach. Co.* v. *Trenton Ice Co.,* 57 Fed. 898; *Atlantic etc. R. R. Co.* v. *Peake,* 87 Va. 130; *Rowe* v. *Canney,* (Mass.), 29 N. E. 219; *Hallock* v. *Franklin Co.,* 2 Met. 558; *Bruswitz* v. *Netherland etc. Co.,* 64 Hun, 267; *Martin* v. *Tidwell,* 36 Ga. 332; *Valiente* v. *Bryan,* 66 How. Pr. 302; *Littlefield* v. *Beamis,* 5 Rob. (La.) 145; *Whitcher* v. *Peacham,* 52 Vt. 242; *Fessenden* v. *Sager,* 53 Me. 531; *Hill* v. *Greenwood,* 160 Mass. 256; *Dower* v. *Church,* 21 W. Va. 23.)    There was no error in modifying the instruction requested.    A pedestrian or vehicle is not required un-

---

[1] 16 Am. Rep. 372.          [3] 66 Am. Dec. 588, and note.

[2] 92 Am. St. Rep. 171.

der all circumstances to give way to a street-car. (*Clark* v. *Bennett*, 123 Cal. 275; *Mahoney* v. *San Francisco etc. Ry. Co.*, 110 Cal. 47; *Connelly* v. *Trenton etc. Ry. Co.*, 56 N. J. L. 700;[1] *O'Neil* v. *Dry Dock etc. R. R. Co.*, 129 N. Y. 125;[2] *Benjamin* v. *Holyoke-Street Ry. Co.*, 160 Mass. 3;[3] *Robbins* v. *Springfield-Street Ry. Co.*, 165 Mass. 30; *Cooke* v. *Baltimore Traction Co.*, 80 Md. 551, 553, 554; *Gilmore* v. *Federal-Street etc. Ry. Co.*, 153 Pa. St. 33;[4] *Rascher* v. *East Detroit Ry. Co.*, 19 Mich. 43.)

HENSHAW, J.—This action was to recover damages for the alleged negligent injury of the plaintiff Mary Jane Doolin. The verdict of the jury was for plaintiffs, and from the judgment which followed and from the order denying defendant's motion for a new trial this appeal is prosecuted. The evidence is sufficient to support the verdict. The plaintiff Mary Doolin, upon November 17, 1891, was a passenger upon one of the horse-cars of the defendant. The progress of the car was stopped by a heavily loaded wagon which was upon the track, and going in a direction opposite to that of the car. Both the car and the wagon stopped. The wagon endeavored to turn off from the track, but such was the condition of the road at that place that it was not possible for it to do so. The driver of the car then tied his lines to the dashboard, and, with the assistance of a passenger, proceeded to back the car with the horses attached. Having done so, he returned to his car, and had just taken the lines into his hand when his horses swerved suddenly and violently, wrenched the car about, as though it were upon a turntable, and dragged it down a five-foot descent with a fifty-per-cent grade, and on about forty or fifty feet further, until its progress was arrested by men who seized the car-horses by their bridles. The car-horses, to quote from appellant's brief, were "docile and ordinarily gentle, but had become frightened and nervous by reason of one of the horses on the spike team being driven against one of the car-horses, and by the backing and hauling and pulling to which they had been subjected in backing the car." The driver at the time he returned to his car and took the lines in his hand either

[1] 44 Am. St. Rep. 424.
[2] 26 Am. St. Rep. 512.
[3] 39 Am. St. Rep. 446.
[4] 34 Am. St. Rep. 682.

dropped one of them or one was jerked from his grasp by the plunging horses. The lines were not buckled; the loose line went over the dashboard onto the ground. The driver was thus helpless to control his team, and so it was that the horses succeeded in derailing the car.

Upon the question of the negligence of the company it was debatable under the evidence, and therefore a matter for the jury to decide, whether the driver had negligently dropped a line, whether it was negligence that his lines were not buckled, whether he negligently permitted the line to be jerked from his hand, whether it was negligence to back the car, as he admittedly did, with the nervous and frightened horses attached to it, and to force them to back, and whether, in the exercise of proper care, he should not have detached his horses, attached them to the rear end of the car, and so have dragged it back. The fact of the accident and the fact of the negligence of the driver were thus established to the satisfaction of the jury. There is no doubt but that plaintiff Mary Doolin was a passenger upon the car at the time of the accident, and went with the car over the embankment. She had her baby in her arms. Her testimony and the supporting testimony is, that she was hurled against the side or seats of the car and sustained brain and spinal injuries of grave consequence. Against this there is evidence that she stated immediately after the accident to other passengers upon the car that she was not hurt a bit, and laughed over the experience through which she had passed. From the testimony it is sufficiently established that she was injured, and severely injured, judging by her condition before and at the time of this accident, and her proved condition thereafter. It was for the jury to say whether or not her injuries were the result of this accident, and by their verdict they declared that they were.

Error is predicated upon the refusal of the court to give an instruction to the effect that, after the plaintiffs had proved to the jury's satisfaction that there was an accident to the car upon which Mrs. Doolin was a passenger, "the plaintiffs are then bound to prove by a preponderance of evidence that Mrs. Doolin was injured in that accident, and, failing in this, there can be no recovery by plaintiffs." This proposed instruction is of course unimpeachable in point of law, but over

and over again the court instructed the jury that the plaintiffs could recover only for such injuries as Mrs. Doolin received in that accident; nor was the case tried and submitted to the jury upon any other theory than that the plaintiffs must prove that Mary Doolin was injured in the accident charged upon.

Complaint is further made of the instruction given by the court to this effect: "In arriving at a verdict in this case, if you find that the plaintiff Mary Jane Doolin sustained any injuries whatever, through any negligence of the defendant or its employee, you must take into consideration the physical and mental condition of Mrs. Doolin before the occurrence of the accident, her accomplishments, if any, her ability to play musical instruments and sing." And further in the same connection the jury was charged to take into consideration, "the effect, if any, upon her ability to play upon musical instruments and sing, of the accident to her." It is said that this was equivalent to importing an element of special damage not pleaded in the cause,—to wit, the financial loss occasioned by the impairment or destruction of her musical abilities. Evidence of these abilities and of their impairment and destruction was admitted in the case without objection. The complaint charged that by reason of her injuries "she became sick, sore, lame, and disordered, her spine, brain, and nervous system were seriously injured." We think the attack made upon the instruction given is not tenable. It did not direct the jury's attention to her impaired or destroyed musical abilities to the end that they might fix a monetary value upon their impairment or loss, but they were directed to consider the evidence upon this point in determining, within the language of the allegation in the complaint, whether or not she had been injured as to her spine, brain, and nervous system, and to what extent. The case, in principle, is identical with that of *Consolidated Kansas City Co.* v. *Tinchert*, 2 Am. Neg. Rep. 534, where it is said: "For the purpose of showing the extent and character of an injury, it was competent for the plaintiff to show that he was a musician prior to the accident, and that, by reason of the injuries inflicted upon him, he was afterwards unable to blow the wind instrument he had been in the habit theretofore of us-

ing, notwithstanding there was no allegation in the petition respecting the fact that he was a musician, and that his injuries had deprived him of the powers of pursuing that occupation." Defendant proposed the following instruction: "A street-car has the right of way upon that portion of the street upon which it alone can travel. If, therefore, a private vehicle in traveling upon the public highway meets with a street-car, the private vehicle must yield the right of way to the street-car." The court gave the instruction, modified so as to read: "If, therefore, a private vehicle in traveling upon the public highway meets with a street-car, *and there is no special reason to the contrary,* the private vehicle must yield the right of way to the street-car." The proposed instruction, of course, accurately states the law. The modification, as given by the court, does not clarify it any, but at the same time it cannot be said that the modification imported into it any prejudicial error.

Complaint is made of the conduct of one of the jurors, Mohrig by name, who, it is asserted, by the frequent questions which he propounded to witnesses, displayed himself not as a juror, but as an advocate of the plaintiffs, and prejudged defendant's case. Whatever merit there may be in this contention, no objection nor exception to the conduct of the juror was taken on the trial, and it is not permissible here to raise the point for the first time. (*Monaghan* v. *Rolling Mill Co.,* 81 Cal. 194; *Consolidated Ice Mach. Co.* v. *Trenton Ice Co.,* 57 Fed. 898; *Atlantic etc. Co.* v. *Peake,* 87 Va. 130; *Rowe* v. *Canney,* 29 N. E. (Mass.) 219; *Bruswitz* v. *Netherland etc. Co.,* 64 Hun, 263.)

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.