[Civ. No. 1739.   First Appellate District.—January 18, 1916.]

COOS BAY MANUFACTURING COMPANY, Respondent,
v. CALIFORNIA SELLING COMPANY, Appellant.

SALE OF BOX SHOOK—LIABILITY OF DEFENDANT—SUFFICIENCY OF EVI-
DENCE.—Where, in an action for the recovery of a sum of money
for the sale and delivery of certain "box shook," it is shown that
the factory of the corporation in the name of whom the goods were·
ordered and shipped was destroyed by fire prior to the time such
order was given, and not rebuilt, and that at the time of the giving
of such order about all that such corporation had left was its labels
and its reputation for packing, and shortly before the giving of
such order a new corporation was formed by the persons interested
in the former corporation, which took over its offices, made a pay-
ment on account of the shook, and made resales thereof in its own
name, a judgment against the new corporation is warranted.

ID.—EVIDENCE — INSOLVENT  CORPORATION — RECORD OF ACTION.—The
record of an action brought in the year of the transaction in ques-
tion against the corporation in whose name the goods were ordered,
by one of its creditors, and which showed execution issued and re-
turned unsatisfied, is properly admitted in evidence as tending to
show the insolvent condition of such corporation at that time.

ID.—WITNESSES—RIGHT OF PARTY CALLING TO IMPEACH.—There is no
error in permitting the plaintiff to impeach the testimony of the
president of the corporation in whose name the goods were ordered,
notwithstanding he was called as a witness by the plaintiff, where
it is shown that such witness was the vice-president and principal
stockholder of the corporation, which was the real beneficiary in
the transaction.

ID.—WITHDRAWAL OF OBJECTION TO EXCLUDED EVIDENCE—WAIVER.—The
defendant cannot complain on appeal of the procedure of the trial
court after submission of the cause in admitting certain evidence
offered by the defendant during the trial and excluded upon ob-
jection of the plaintiff, where plaintiff's counsel orally notified
defendant's counsel of its withdrawal of such objection prior to
its request to the court to make the order, and immediately there-
after notified defendant of such order, and the defendant took no
action in the premises, notwithstanding the cause remained undecided
for twelve days thereafter, and defendant made no reference thereto
in its motion for a new trial.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.   Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Appellant.

A. P. Dessouslavy, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor and an order denying defendant's motion for a new trial. The action was brought against the California Selling Company, Sunnyvale Canneries, Napa Valley Improvement Company, Napa Valley Packing Company, corporations, and against George H. Hooke and Julius Wolff, defendants, to recover the sum of $7,872.02, alleged to be due from said defendants for certain "box shook" sold and delivered to them. The answer of the defendants was in the form of a general denial. Upon the trial the plaintiff dismissed the action against all of the defendants except California Selling Company, the appellant herein, and recovered judgment against it for the full amount of its claim.

The first contention of the appellant is that the evidence is insufficient to justify the decision of the court. The evidence discloses that the box shook in question was ordered from the plaintiff by and in the name of the Napa Valley Packing Company, and was shipped to it and was charged upon the books of the plaintiff to the said Napa Valley Packing Company.

The facts upon which the plaintiff relies to sustain its judgment against the California Selling Company are substantially as follows: The Napa Valley Packing Company was organized as a corporation in 1901 for the purpose of canning, preserving, packing, handling, and dealing in fruits, vegetables, etc., and for some years it owned and operated its own packing-house, and preserved and handled these products under its own labels, and had an established line of customers and of trade. In the year 1908 its factory was destroyed by fire and was not rebuilt, and at the close of that year, according to the testimony of Mr. Hooke, about all that the Napa Valley Packing Company had left was its labels and its reputation for packing. The California Selling Company was organized as a corporation in the latter part of the year 1908, with George H. Hooke, Julius Wolff, and Mary L. Baraty as its organizers and stockholders. Mr. Hooke was made presi-

dent; Mr. Wolff, who was the president of the Napa Valley Packing Company, became vice-president and manager, and Mary L. Baraty, who had also been secretary of the Napa Valley Packing Company, became secretary of the new corporation. The former offices of the Napa Valley Packing Company were taken over by the California Selling Company, who paid the rent thereafter, although the former occupant still maintained desk room there and had its name on the door. In the early part of 1909 the order for the box shook was placed with the plaintiff by Mr. Wolff in the name of the Napa Valley Packing Company, and the material was received in due course. There were two payments made on account of this order, one of $464.31 in August, 1909, and another of $560 in September, 1909. It does not appear by whom the first of these remittances was made, but the second was by the check of the California Selling Company. While the material was in the course of delivery several letters passed between the California Selling Company and plaintiff, in one of which the order for this material was referred to as "our contract." The box shook when received was sent out in lots as ordered to various packing-houses, and in several specifically proven instances was billed by and shipped as the property of the California Selling Company, and was paid for in checks drawn to it. During the year 1909 the Napa Valley Packing Company, according to the testimony of Mr. Hooke, had no credit, and for that reason its name did not appear on the books of the California Selling Company, and whatever business the latter company did with it was done in the name of Mr. Wolff, the president of the one and the vice-president and manager of the other corporation. There was also offered in evidence the record of an action brought in that year against the Napa Valley Packing Company by one of its creditors to recover a considerable sum of money, in which judgment was had against it, and an execution issued which was returned unsatisfied. The defendant objected to this evidence, and now complains of its admission as error, but we are of the opinion that it was admissible as in some degree tending to show that the Napa Valley Packing Company was at the time in a practically insolvent condition.

From the foregoing, and from other more or less direct evidence not necessary to be recapitulated, the court arrived at the conclusion that the transaction with the plaintiff, while

apparently undertaken in the name of the Napa Valley Packing Company, was in reality a transaction in which the California Selling Company was the real actor and beneficiary, and that the name of the Napa Valley Packing Company was merely a cover or designation under which it and its organizers were doing business during the year 1909. We think this conclusion is abundantly sustained by the proofs, and hence that the appellant's first contention that the evidence does not justify the decision of the trial court is without merit.

The appellant further contends that the trial court committed an error in permitting the plaintiff to attempt to impeach the testimony of Mr. Hooke, called as plaintiff's witness, by reference to a deposition of the latter, in which it was claimed he had given other and contradictory evidence to that elicited from him during the trial. The appellant urges that the plaintiff should not have been permitted to impeach its own witness; but we think that the record sufficiently shows that the witness Hooke was so identified with the California Selling Company as its president and principal stockholder at the time this debt (if it was its debt) was incurred as to make him clearly such a witness as the plaintiff might feel obliged to call, but by whose testimony it should not be bound. In addition, however, it appears that at a later stage of the case the entire deposition of Hooke was put in evidence by stipulation of the parties, and thus the error, if any occurred, was rendered immaterial, if not altogether cured.

The appellant has a further objection to the ruling of the court in refusing to permit the witness Hooke to answer certain questions put to him by the defendant upon cross-examination, as calling for the conclusion of the witness. We are of the opinion that the answers to these questions were properly excluded upon that ground.

Upon oral argument of this cause upon the appeal the main contention of the appellant was that the court committed an error of procedure during and after the trial of the cause which must result in its reversal upon appeal, and which arose in the following manner: During the course of the trial the defendant offered in evidence a number of letters which the witness Hooke stated had been taken by him from the files of the Napa Valley Packing Company, and by which letters the defendant offered to prove that the Napa Valley Packing Company, during the period covered by the transaction

with the plaintiff, was conducting a considerable business, and had dealings with parties in several states in the sale of corn and canned goods and in the purchase of box stock. It also offered in evidence the bank-books of the Napa Valley Packing Company as indicating the amount deposited by that company during the year 1909, and as showing that during that period it was a going concern. To both of these offers the plaintiff objected upon the ground that they were incompetent, irrelevant, and immaterial, and the court sustained this objection. On April 30, 1913, the cause was submitted to the court for decision upon briefs thereafter to be presented. After the submission of the cause, and either on the same day or the following day, plaintiff's counsel orally notified defendant's counsel that plaintiff withdrew its objection to the admission in evidence of the said correspondence and bank-books, and that it consented to the admission thereof in evidence, to which the defendant's counsel replied that he would not consent to the admission of such testimony and that he was satisfied with the record as it stood. Thereafter, and on May 5, 1913, without any further notice to attorney for the defendant, but prior to the decision of said cause, the court, upon the request of plaintiff's counsel but without the presence of counsel for defendant, made an order reciting that counsel for plaintiff having appeared and withdrawn its objection to the introduction of the above-mentioned evidence, the ruling of the court would be reversed and the evidence admitted, and when produced would be properly marked as the defendant's exhibits, and that said order was made *nunc pro tunc* as of the date of the former ruling and prior to the submission of the cause. Plaintiff's counsel immediately notified defendant's counsel of the making of said order. Thereafter, and on May 17, 1913, the court decided the case, and in its findings expressly stated that in considering the evidence in the case it had also considered the foregoing evidence which had been admitted after the plaintiff's objection had been withdrawn. The judgment of the court was in plaintiff's favor, and thereafter the defendant in due time served and filed its notice of intention to move for a new trial, wherein it specified as errors of law the rulings of the court in at first refusing to admit the foregoing evidence, and also specified as error the subsequent order of the court admitting the same in evidence in the absence of the defendant and without pre-

vious notice of the making of said order. Upon this appeal from the order of the court denying its motion for a new trial the appellant insists that the action of the court in reference to the foregoing matters was entirely irregular; that it was entitled in the first instance to have had the correspondence and bank-books of the Napa Valley Packing Company admitted in evidence for the purposes for which they were offered; that the offer of plaintiff's counsel orally made to defendant's counsel to withdraw its objection to this evidence and consent to its admission made after the submission of the cause, and their subsequent appearance in open court, but without the presence of the defendant or notice to it of such action, to withdraw their objection to the evidence, and the order of the court made thereon admitting the same, and the statement of the court in its findings that it had duly considered such evidence, did not operate to cure the prior error and irregularity of the court's action, and hence that the cause must be reversed therefor upon this appeal.

Conceding, for the sake of argument, though not deciding in the absence of the evidence itself from the record, that the original ruling of the court in refusing to admit the said correspondence and bank-books of the Napa Valley Packing Company in evidence in the first instance was erroneous, we are of the opinion that such error, if any, was sufficiently cured by the subsequent acts of the parties and proceedings of the court; for it appears that on the very day of the submission of the cause or on the following day, and while the cause, though under submission, was still in legal contemplation on trial (*Dore* v. *Southern Pacific Co.,* 163 Cal. 183, 195, [124 Pac. 817]), the plaintiff notified the defendant of the withdrawal of its objection to the admission of this evidence. Where this offer was made does not appear, and for aught that the record discloses it may have been in open court. However that may be, it seems to us plain that in the presence of this offer, which was the equivalent of an offer to reopen the case for the admission not only of this particular evidence but of such further proofs of a like nature as the defendant might wish to present, the defendant was not entitled in all fairness to refuse the offer, or to sit back in reliance upon a possible error in the record which it might use to work a reversal of the case upon appeal, and the fact that the case was under submission at the time of such offer and

of its refusal does not, in our opinion, change the rule as laid down very recently by the supreme court in the case of *Estate of Ross,* 171 Cal. 64, [151 Pac. 1138], wherein the court says with respect to a state of facts not essentially dissimilar from those in the case at bar: "Before the close of the trial counsel for the respondents withdrew all objections of this character, and offered to allow the appellant to recall the witnesses and elicit from them fully the reasons and bases of their respective opinions, to which offer counsel stated that while they thanked opposing counsel for the splendid· offer they preferred to stand upon the record as made.   If counsel truly desired to have further evidence upon this subject introduced they should have availed themselves of this opportunity, and should have recalled the witnesses accordingly.   It does not appear that there would have been any difficulty in doing so, or that the court refused to allow it to be done.   The record indicates that the court would have allowed it.   If, on the other hand, they desired to preserve the ruling in the record for the purpose of thereby securing a ground upon which to obtain a new trial or reverse the order on appeal to this court, it need scarcely be said that we will not entertain the objection under those circumstances.   In either alternative the objection must be deemed to have been effectually waived." (*Estate of Ross,* 171 Cal. 64, [151 Pac. 1138]; *Bergtholdt* v. *Porter Bros. Co.,* 114 Cal. 681, 690, [46 Pac. 738]; *Kahn* v. *Trieste-Rosenberg Co.,* 139 Cal. 340, 346, [73 Pac. 164]; 38 Cyc. 1462, and cases cited.)   It is true that, as the record discloses, the action of the plaintiff in suggesting to the court that its objection to the admission of the evidence in question was withdrawn was taken, and the order of the court in admitting said evidence was made, in the absence of the defendant and without prior notice thereof other than that theretofore orally given, but the record also shows that the defendant was immediately thereafter notified of such action and order; the cause was still under submission and undecided, and so remained for a period of twelve days after such notification, during which the defendant had ample opportunity to take such action as it might be advised with reference to such order and to the reopening of the case for further evidence of a like nature if such was desired.   No such action was taken, and when after the court's decision a motion for a new trial was made by the defendant, it did not specify among the grounds

of such motion either misconduct of the court in the making of this order or accident or surprise by which it was prevented from having a fair trial; nor did it set forth or suggest the existence of other evidence which for any reason it was prevented from introducing at the former trial. Under these circumstances we think the appellant is no longer in a position to urge upon this appeal the alleged error or irregularity in the action of the trial court in respect to the matters above set forth.

Judgment and order denying a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 16, 1916.