[Civ. No. 5480. Third Appellate District.—February 19, 1936.]

GEORGE M. ARMSTRONG et al., Appellants, v. ALBERT B. BROWN, as County Clerk, etc., et al., Respondents.

Grove J. Fink and Garton D. Keyston for Appellants.

Loyd E. Hewitt and Lawrence Schillig for Respondents.

THOMPSON, J.—This is an appeal from a judgment which was rendered against the plaintiffs in a suit on the official bond of the defendant Albert B. Brown, as County Clerk of Sutter County, and his surety, to recover $850 for failure to deliver to the county treasurer of that county a certificate of deposit for that sum, drawn on the Decker-Jewett Bank in the clerk's name and deposited with him in lieu of a bond to stay execution of a judgment which was rendered against Armstrong in another action. The certificate was held by the clerk. It was not deposited with the county treasurer. Pending the determination of the appeal in the former action the bank failed and the certificate was not fully paid. It is contended the clerk is liable on his official bond for dereliction of his duty under the provisions of section 573 of the Code of Civil Procedure.

Albert B. Brown was County Clerk of Sutter County. The Hartford Accident and Indemnity Company became his surety on his official bond. In a suit which was previously tried in that county judgment was rendered against

George M. Armstrong for $850. An appeal from that judgment was perfected. To stay the execution pending that appeal, Armstrong delivered to the County Clerk a certificate of deposit on the Decker-Jewett Bank for $850, drawn in the name of the "County Clerk of Sutter County". This certificate was given to the clerk pursuant to a written stipulation of attorneys according to the provisions of section 948 of the Code of Civil Procedure. The stipulation contained the following language: "In lieu of the undertaking prescribed . . . the defendant may deposit in this court the sum of $850.00, . . . and that said deposit may be in the form of a certificate of deposit payable to the clerk of this court." The clerk testified that "Mr. Coats, attorney for Mr. Armstrong, instructed me explicitly to hold the certificate of deposit, and not to turn it in to the County Treasurer or cash it." Mr. Harter, who was the attorney for the respondent in the former appealed case, and who signed the written stipulation regarding the stay bond, testified that Mr. Coats "told me they were going to take an appeal from that judgment, and that he would appreciate it if I would consent to filing a certificate of deposit, *which might remain with the clerk,* so that the money could remain on deposit with the bank where it would draw interest in the savings account, as a favor to himself and Mr. Armstrong, and I consented to this arrangement and signed the stipulation". It is true that the certificate includes the language, "No interest payable before or after maturity." We may assume, however, the parties did not know the certificate would bear no interest. In conformity with the written stipulation and the oral instructions above related the certificate of deposit was given to the clerk and retained by him. The judgment in the former suit was affirmed on appeal, and Armstrong thereafter satisfied the judgment.

Prior to the termination of the former appeal the Decker-Jewett Bank failed and it was placed in the custody of a receiver. At the request of the attorneys for Mr. Armstrong the county clerk filed a claim for said sum of $850 represented by the certificate of deposit with the receiver of the bank. The clerk testified that it was filed in his name at their request and "as a matter of accommodation" to Mr. Armstrong. Two dividends were subsequently paid on the claim by the bank. The first dividend was promptly paid to and

accepted by one of the attorneys for Armstrong. The second dividend was offered to the attorney but he refused to accept it. This suit was then commenced. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the defendants on all the material issues. Judgment was rendered to the effect that the plaintiffs take nothing by this action. From that judgment this appeal was perfected.

It is contended the findings and judgment are not supported by the evidence for the reason that the clerk is liable on his official bond for the loss sustained by the plaintiffs for failure to comply with the law and deposit the certificate with the county treasurer. Errors in the rulings of the court with respect to the admission of evidence are also assigned.

We are of the opinion the transaction which is involved on this appeal did not constitute a payment or deposit of money into court in lieu of a bond to stay execution and that the clerk was not guilty of any violation of law or dereliction of his official duty in failing to deliver the certificate of deposit to the county treasurer. Section 573 of the Code of Civil Procedure, as it existed at the time of that transaction, provided that:

"Whenever *money* is paid into or deposited in court, the same must be delivered to the clerk in person, or to such of his deputies as shall be specially authorized by his appointment in writing to receive the same. He must, unless otherwise directed by law, deposit it with the county treasurer, to be held by him subject to the order of the court. . . . For the safekeeping of the money deposited with him the treasurer is liable on his official bond."

The bond staying execution to satisfy a judgment pending an appeal therefrom, as provided by section 942 of the Code of Civil Procedure, may be waived by consent of the respondent, or it may be supplied by depositing in the trial court the amount in cash of the judgment appealed from. Section 948 of the Code of Civil Procedure provides in that regard:

" . . . In all cases where an undertaking is required on appeal by the provisions of this title, a deposit in the court below of the amount of the judgment appealed from, shall be equivalent to filing the undertaking; and in all cases the

undertaking or deposit may be waived by the written consent of the respondent.''

In the present case the language of the written stipulation with respect to the furnishing of the certificate of deposit constitutes a waiver on the part of the respondent in the former action of the necessity of filing either a bond or cash deposited in lieu thereof in the form provided by law. In effect the stipulation may be reasonably construed to mean that the respondent consented that in lieu of a stay bond the appellant might deliver to the clerk a certificate of deposit for the sum of $850 to be held by the clerk to guarantee the payment of the judgment in the event that the judgment was affirmed on appeal. The judgment was affirmed and it was subsequently satisfied in full. The security then became *functus officio,* and the clerk offered to return the certificate to the appellant.

The written stipulation specifically provides the exact form in which the security in lieu of a stay bond shall be provided. It reads as follows: '' . . . In lieu of the undertaking prescribed . . . the defendant may deposit in this court the sum of $850.00 . . . *in the form of a certificate of deposit payable to the clerk of this court.''* The certificate of deposit was not a payment of money in lieu of the stay bond. No money was delivered to the clerk of the court. The certificate did not represent public money belonging to the county of Sutter. It was a private bond to secure the payment to the respondent in that suit of the amount of the judgment in the event it was affirmed on appeal. The language indicates that the instrument ''in the form of a certificate of deposit'' was to take the place of the stay bond provided by law. This construction of the language is confirmed by the oral statements of the attorneys for both parties to the litigation. They requested the clerk to hold the certificate in his possession without cashing it. This construction was ratified by accepting the first payment made by the bank on the claim which was filed with the receiver of the bank. Under such circumstances the clerk retained possession of the certificate exactly as the written stipulation assumes that he would do, and he is therefore not guilty of any dereliction of official duty in failing to deliver it to the county treasurer.

The appellants contend that their attorneys were not authorized by them to instruct the clerk to hold the certifi-

cate of deposit in his possession. The evidence does not sustain that contention. The certificate was drawn upon the bank by the wife of Mr. Armstrong. She furnished the cash for that purpose. Mr. Armstrong was not then present. She was not a witness in this case. All that Mr. Armstrong testified to in that regard is that, ''I did not authorize Judge Coats to make an agreement that money should stay in the bank so I would get interest on the money during the pendency of the appeal. . . . *I don't think I ever told Mr. Coats not to have Mr. Brown keep that certificate of deposit.*'' Upon this record, in support of the findings and judgment, we must assume that Mrs. Armstrong did authorize their attorneys to so instruct the clerk. ██ Moreover, the furnishing of the stay bond was a mere matter of procedure incident to the trial of the case which the attorneys were authorized to direct without the specific sanction of their clients. In the absence of evidence to the contrary an attorney is presumed to have the authorization of his client to enter into stipulations incident to the litigation for the conducting of which he is employed. Regarding the authority of an attorney to bind his client by stipulation it is said in 25 Ruling Case Law, page 1097, section 4:

''In retaining counsel for the prosecution or defense of a suit, the right to do many acts in respect to the cause is embraced as ancillary, or incidental to the general authority conferred, and among these is included the authority to enter into stipulations and agreements in all matters of procedure during the progress of the trial. Stipulations thus made, so far as they are simply necessary or incidental to the management of the suit, and which affect only the procedure or remedy as distinguished from the cause of action itself, and the essential rights of the client, are binding on the client.''

██ It was not error for the court to admit in evidence over the objection of the appellant the written stipulation waiving the bond. Section 948 of the Code of Civil Procedure authorizes the waiver of the bond by written stipulation. The stipulation was competent to prove the waiver of the bond. The stipulation recites that the certificate was to be given ''in lieu of the undertaking prescribed''.

██ Evidence of the oral instructions from the attorney for appellant was competent to show their construction of the language of the written stipulation to the effect that the

bond was to be waived by the delivery to the clerk of security "in the form of a certificate of deposit", without the depositing of cash in lieu of the bond. Mr. Harter testified to that fact without objection.

■ It was not error for the court to sustain an objection to the question propounded on cross-examination to Mr. Harter, the attorney for the respondent in the former suit, who signed the stipulation waiving the stay bond, as follows: "You threatened to take out an execution if you won your case in the trial court?" He had previously testified that Mr. Coats, one of Armstrong's attorneys came to him and said, "They were going to take an appeal from that judgment, and that he would appreciate it if I would consent to filing a certificate of deposit, which might remain with the clerk, so that the money could remain on deposit with the bank where it would draw interest in the savings account, as a favor to himself and Mr. Armstrong, and I consented to this arrangement and signed the stipulation." It was therefore immaterial whether he had previously threatened to take out an execution to satisfy the judgment. The consent of the respondent to permit the delivery of the certificate of deposit to be held by the clerk was evidently deemed to be adequate security for the payment of the judgment. The exclusion of the answer as to whether the attorney had previously threatened to take out an execution was harmless.

■ It was harmless for the court to sustain an objection to the question asked of Mr. Weis, who was a member of the law firm of Rich, Weis, Coats & Carlin, as follows: "Did Mr. Armstrong ever employ you as his attorney?" The witness had previously testified that he was a member of that law firm. He further said, "Our firm was representing George M. Armstrong in that case." It further appears they were the attorneys of record in that case. There is no evidence to the contrary. There is no question regarding that fact.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.