[Civ. No. 7244. Third Dist. June 29, 1946.]

FLORENCE E. BAIRD, Respondent, v. T. D. LINDBLAD, Appellant.

Busick & Busick for Appellant.

Robert H. Schwab, Jr., and E. L. Means for Respondent.

ADAMS, P. J.—Plaintiff brought this action to recover the sum of $1,294.80, which it is agreed is the unpaid balance due under a lease by which plaintiff (and her husband, since deceased) leased land to defendant for the growing of tomatoes. It is conceded that the total amount of the rental for the term of the lease was $3,850, upon which defendant paid, at different times, the total sum of $2,555.20, leaving an unpaid balance of $1,294.80. The lease which was dated March 10, 1944, was for a term of nine months from March 1, 1944.

It was prepared by defendant, the lessee, upon a printed lease form, with portions filled in by typewriting. Following the printed recitation therein that the rental was payable in lawful money of the United States in advance, ''in the manner following, to wit: . . .'' defendant inserted in typewriting, ''Last half of first payment due May 1st. Balance due from Riverbank Canning Co., after R.A.C.C. Crop mortgage has been satisfied.'' He based his defense to plaintiff's action upon the ground that the foregoing language shows that the last half of the rental payable under the lease was to be paid out of a special fund, and that said fund never came into existence; that is, that said last half of the rental was to be paid out of any moneys in the hands of the Riverbank Canning Company, to whom defendant sold a portion of his tomato crop, and that, because the crop mortgage which had priority was never satisfied and there was no balance due defendant from that company, plaintiff cannot recover. The trial court rendered judgment for plaintiff and this appeal followed.

The evidence in the case shows the following pertinent facts. Defendant did not deliver the whole of his tomato crop to Riverbank Canning Company, but sold a portion of it to others. After he had paid the first half of the rental due plaintiff, he promised to pay her the balance out of moneys he said he was to receive from dragline work he was doing for a Mr. Cooling. He also promised her he would pay such remainder from moneys he would receive from similar work he was to perform for a Mr. Hershey. Defendant authorized plaintiff to dispose of some tomato dust he had left on the rented premises, and apply the proceeds to the balance of the rental. Plaintiff received $430 for same and it was so applied. Defendant also authorized plaintiff to collect the proceeds of the sale of sheeting and lumber left on the premises and apply the proceeds on the rental balance. Plaintiff received $375 from this transaction. Defendant never denied that he owed plaintiff the balance sued for, nor contended, until her suit was filed, that such balance was payable out of a special fund which never came into existence.

We are of the opinion that the evidence is sufficient to sustain the findings and judgment of the trial court. What was meant by the language used in the lease was a matter for determination of the trial court, at least in the first instance; and when a trial court's construction appears to be

reasonable and consistent with the intention of the parties, appellate courts will not substitute another interpretation. (*Tide Water Associated Oil Co.* v. *Curtin,* 41 Cal.App.2d 884, 895 [107 P.2d 945] ; *Estate of Northcutt,* 16 Cal.2d 683, 690-691 [107 P.2d 607] ; *O'Hare* v. *Peacock Dairies, Inc,* 26 Cal.App.2d 345, 354 [79 P.2d 433] ; *Estate of Boyd,* 24 Cal.App.2d 287, 290 [74 P.2d 1049] ; *Neff* v. *Mutual Life Insurance Co.,* 48 Cal.App.2d 110, 112 [119 P.2d 404] ; *McNeny* v. *Touchstone,* 7 Cal.2d 429, 435 [60 P.2d 986] ; *Richards* v. *Pacific S. W. Discount Corp.,* 44 Cal.App.2d 551, 560 [112 P.2d 698].)

█ The lease having been prepared by defendant, any ambiguity therein was properly resolved against him. (*Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 116 [291 P. 184] ; *Weil* v. *California Bank,* 219 Cal. 538, 541 [27 P.2d 904] ; 6 Cal.Jur. § 185, p. 307, and 4 Cal.Jur. 10-Yr.Supp. 135-136, and cases there cited.)

█ One of the most reliable guides for determining the meaning of an ambiguous provision in a contract is the construction put upon it by the contracting parties as evidenced by their conduct under it. (*Universal Sales Corp.* v. *California Press Mfg Co.,* 20 Cal.2d 751, 761 [128 P.2d 665] ; *Work* v. *Associated Almond Growers,* 102 Cal.App. 232, 235 [282 P. 965] ; *Wells* v. *Wells,* 74 Cal.App.2d 449 [169 P.2d 23] ; *Union Sugar Co.* v. *Hollister Est. Co.,* 3 Cal.2d 740, 754 [47 P.2d 273] ; *Lemm* v. *Stillwater Land & Cattle Co.,* 217 Cal. 474, 481 [19 P.2d 785] ; *Rosenberg* v. *Geo. A. Moore & Co.,* 194 Cal. 392, 403 [229 P. 34] ; *Commercial Discount Co.* v. *Cowen,* 18 Cal.2d 610, 615 [116 P.2d 599] ; *Burns* v. *Peters,* 5 Cal.2d 619, 623 [55 P.2d 1182] ; *Katz* v. *People's Finance etc. Co.,* 101 Cal.App. 552, 558 [281 P. 1097].)

█ The record before us also shows that the court construed the phrase under consideration as evidencing an intention to furnish security to plaintiff and not as evidencing an intention that the second half of the rental was to be paid only if there remained in the hands of the Riverbank Canning Company sufficient money to pay it after the crop mortgage had first been satisfied. █ Evidence that it was the custom in the locality to provide in leasing contracts that the first half of the rental of land for the growing of tomato crops should be paid down, and the last half should be secured by an order on the buyer of the crop to pay a portion of the purchase price to the landowner, was introduced and was proper to be con-

sidered by the trial court. (See Civ. Code, § 1646; Code Civ. Proc., § 1857; *Corey* v. *Struve,* 16 Cal.App. 310, 318-319 [116 P. 975]; *Watson Land Co.* v. *Rio Grande Oil Co.,* 61 Cal.App.2d 269, 272 [142 P.2d 950].)

In view of the foregoing it cannot be said that there is not sufficient substantial evidence to sustain the findings and judgment of the court below, and its judgment is therefore affirmed.

Peek, J., and Thompson, J., concurred.