[Civ. No. 16765.   First Dist., Div. One.   July 30, 1956.]

LACHMAN BROTHERS (a Corporation), Respondent, v. JOHN P. MUENZER, Appellant.

W. L. A. Calder and Abraham Glicksberg for Appellant.

G. D. Schilling and Ralph Bancroft for Respondent.

WOOD (Fred B.), J.—Plaintiff's predecessors as lessors and defendant as lessee executed two leases: One dated May 25, 1946, for a five-year term commencing July 1, 1946, at a total rental of $5,400, the other dated June 22, 1951,

for a five-year term commencing July 1, 1951, at a total rental of $6,000. In all other respects the provisions of these two leases were identical. The provisions of each lease which furnished the basis for the present controversy were a renewal and cancellation clause and a clause granting the lessee a right of way over an adjoining strip of land for use as a driveway.

In 1953, plaintiff received deeds and assignments from the former owner-lessors and on November 25, 1953, gave defendant notice of cancellation upon the theory that the second lease was but a renewal of the first lease and thus brought into play the lessor's right of cancellation upon electing to build for its "own occupancy during the extended term."* Defendant refused to accede to the notice of cancellation, claiming that the second lease was a new lease, separate and independent from the first lease, not a renewal of the first.

The driveway right of way was described, in each lease, as "an additional fifteen feet (15 ft.) owned by the Lessors, immediately adjoining the leased premises and extending westerly for a sufficient distance to allow the Lessee suitable Ingress and Egress for the operation of his business." A dispute arose, plaintiff claiming that defendant was using for ingress and egress more land than this clause granted him.

Plaintiff brought this action for declaratory relief. The trial court found and decreed: (1) Defendant is in possession under the second lease for a five-year term with a right of renewal for an additional five years; (2) Setting forth *in haec verba* the provisions of the renewal and cancellation clause (paragraph Fourteen, quoted in a footnote, below), declared "That pursuant to above the right of lessors to give lessee a ninety (90) day termination notice will not accrue until after June 30, 1956, and that the plaintiff, as purchaser, transferee and assignee of the original lessors, in the event that after June 30, 1956 it desires to build for its own occupancy, has the right to give the lessors a ninety (90) day written

---

*This renewal and cancellation clause, identical in each lease, read as follows:

"Fourteenth: At the option of the Lessee, all the terms and provisions hereof having been fully performed, this lease may be renewed for an additional term of Five Years at a rental to be agreed upon between the Lessors and the Lessee but said rental is not to exceed the sum of ONE HUNDRED AND TEN DOLLARS ($110.00) per month. It is provided however, that in the event the Lessors elect to build for their own occupancy during the extended term, if the lease is renewed, then, and in that event, the Lessors upon a NINETY (90) day written notice may cancel and terminate said renewal term."

notice cancelling and terminating said lease''; (3) For the full term of said lease and any extension thereof (a) the defendant lessee has the right to use the demised premises, (b) ''together with a right-of-way for ingress and egress'' over certain property, describing a strip 15 feet wide adjoining the north side of the demised premises and a strip 12 feet wide lying along and adjoining the rear of the demised premises and said 15-foot strip; and (4) declared that each party bear his own costs. Defendant has appealed from those portions of the judgment which are identified by items (2), (3b) and (4) of this summary of the judgment.

As to item (2), defendant erroneously claims that this portion was not within the issues presented by the pleadings and the evidence. Plaintiff in its complaint pleaded the execution of both of the leases and set forth the text of each, alleging that the second was a renewal of the first, invoked the cancellation clause of the first, pleaded the assignment to him of the lessor's interest under each of the leases, and prayed for judgment declaring the rights and duties of the parties with respect to each lease (referring to the second as a renewal of the first), and for general relief. Defendant in his answer admitted the execution of each of the leases; alleged that the second was a new lease, not a renewal. By way of a separate and distinct defense defendant again pleaded the execution of the second lease, incorporating by reference the provisions thereof as set forth in the complaint; specially pleaded *in haec verba* the provisions of the renewal and cancellation clause (paragraph Fourteenth of the lease) and in respect thereto alleged ''That pursuant to above the right of lessors to give lessee a ninety (90) day termination notice will not accrue until after June 30, 1956, and then only in the event said lessors elect to build for their own occupancy.'' In addition, defendant introduced the second lease in evidence during his cross-examination of one of plaintiff's witnesses and before plaintiff's completion of its case in chief. Under these circumstances we entertain no doubt that the portion of the judgment in question was well within the issues framed by the pleadings and presented by the evidence. Moreover, it is a bit incongruous for defendant to accept the benefit of the adjudication of his rights under the lease and at the same time claim that plaintiff's rights under the same lease were not before the court for adjudication.

■ Next, defendant says plaintiff cannot invoke the cancellation clause under any circumstance, now or in the future, because that clause runs only in favor of the original lessors, not in favor of an assignee. The answer is that the lease contains a clause which expressly declares that "the terms and conditions contained herein shall apply to and bind the heirs, successors and assigns of the respective parties hereto." We find in the right of cancellation here involved nothing peculiarly personal to the original lessors and, therefore, conclude that the assignability clause was intended to apply to it as well as to the other rights of the lessors under the lease. Were there a doubt, it should be resolved against the defendant-lessee, who prepared the lease. (Civ. Code, § 1654; *Baird* v. *Lindblad*, 75 Cal.App.2d 202, 205 [170 P.2d 488], and authorities there cited.)

■ Defendant further contends that it was improper to declare plaintiff's future right to cancel this lease, a right which could not accrue until after July 1, 1956, and then only in case the lessee exercised his right of renewal. We think that was a question well within the scope of the discretion of the trial court to decide. We cannot say it was an abuse of discretion to entertain jurisdiction to decide the parties' respective rights and duties in such a contingency. ■ "The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation and whether a determination is proper in an action for declaratory relief is a matter within the trial court's discretion. Unless a clear abuse of discretion is shown, the trial court's decision will not be disturbed on appeal. (*Hannula* v. *Hacienda Homes, Inc.*, 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268].) [5] As was said in *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062]: 'The purpose of a declaratory relief judgment is "to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation." ' (Citing cases.)" (*Mefford* v. *City of Tulare*, 102 Cal.App.2d 919, 922 [228 P.2d 847]. See also *Coruccini* v. *Lambert*, 113 Cal.App.2d 486, 489-491 [248 P.2d 457].) ■ "The powers of a court . . . in granting declaratory relief are as broad and extensive as those exercised by such court in any ordinary suit in equity." (*Adams* v. *Cook*, 15 Cal.2d 352, 362 [101 P.2d 484]. See also *Jones* v. *Feichtmeir*, 95 Cal.App.2d 341, 344 [212 P.2d 933].) ■ "Under a prayer for general relief in an equitable proceeding, after an answer has been filed, the court may

grant any relief conformable to the case made by the pleadings and the evidence although it may not be the relief asked by special prayer." (*Knox* v. *Wolfe,* 73 Cal.App.2d 494, 505 [167 P.2d 3].)

Moreover, as it happens, this declaration of plaintiff's right of cancellation and of reentry is part and parcel of the definition of defendant's right of possession; i. e., defendant holds for five years from July 1, 1951, with a right of renewal for five years, the extended period being terminable by plaintiff in the event indicated.

Concerning the width of the driveway across the back of the lot, defendant says the evidence demonstrates that 25 feet is the requisite width, not the mere 12 feet found by the court. There was testimony to the effect that a 25-foot strip was sufficient, was necessary, and was used, but there was also a stipulation tendered by the defendant and accepted by the plaintiff that the court view the premises and make its own findings as to what is necessary for the use and operation of the business, for ingress and egress. The court approved this stipulation, saying, at first, "I will probably do that, in any event. I think perhaps that it would be better than to confine myself to the cold facts here" and, later, "Of course, I say to you, I am going out there and take a look at the place." The record is silent as to whether the trial judge did take a view but it is presumed he did so and defendant does not suggest otherwise, claiming merely that it was not competent for defendant's attorney to make such a stipulation and that plaintiff, by interrogating the defendant under section 2055 of the Code of Civil Procedure concerning the uses he had made of the property for ingress and egress, in effect withdrew his acceptance of the stipulation. Defendant has not convinced us that such a stipulation is beyond the competency of an attorney to make. The viewing of the premises was a matter of procedure incident to the trial of the case and thus within the scope of the power of the attorneys to stipulate. "In the absence of evidence to the contrary an attorney is presumed to have the authorization of his client to enter into stipulations incident to the litigation for the conducting of which he is employed." (*Armstrong* v. *Brown,* 12 Cal.App.2d 22, 28 [54 P.2d 1118].) Nor do we see in plaintiff's interrogation of the defendant anything inconsistent with adherence to the stipulation, which did not expressly or by necessary implication prescribe the court's view as the sole method of proof under this issue. If

defendant's counsel thought it did, he should have objected when plaintiff asked those questions of the defendant and thus have given the court and counsel an opportunity to clarify the situation, instead of remaining silent and presenting this objection upon appeal.

Finally, declaring that "the judgment upon the allegations of the complaint" was in his favor, defendant Muenzer correctly claims he should have been allowed costs as of course. The action "involves the . . . possession of real estate" (Code Civ. Proc., § 1032) and Muenzer was successful in establishing his right of possession. The mere fact that he proved somewhat less than he claimed (in respect to the width of the rear portion of the driveway) does not render subdivision (b) of section 1032 inapplicable. Plaintiff was claiming that the lease gave defendant no right to any part of that portion, and that defendant's right of possession of the demised premises had terminated. Defendant won on those issues.

Defendant correctly observes that the other defendants (the original lessors) were not united in interest with him. Also, they were not in an adversary position to him. They filed an answer to the complaint, admitting the truth of its allegations and purporting to "answer" the affirmative allegations of Muenzer's answer. But that did not constitute their answer a cross-complaint against Muenzer; nor did he cross-complain against them. Accordingly, the judgment should be modified to award Muenzer his costs against the plaintiff.

Plaintiff seeks to review the judgment despite his failure to appeal. He claims that defendant appealed from nonseverable portions of the judgment and thereby brought the entire judgment up for review. That, even if true, would not convert a respondent into an appellant. Plaintiff invokes the rule enunciated in *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 220-221 [246 P.2d 935], and *Osborn* v. *Osborn,* 42 Cal.2d 358, 367 [267 P.2d 333]. But that rule applies only when the reviewing court modifies or reverses a nonseverable portion of a judgment under circumstances that render it inequitable to allow another portion of the judgment to stand. There being no such reversal in the instant case (the award of costs is a severable portion of the judgment), that rule is not applicable here.

That paragraph of the judgment which relates to costs (par. 4, Clerk's Transcript, p. 41, lines 7 and 8) is amended to read as follows: "4. That defendant John P. Muenzer

have and recover his costs from the plaintiff and that all parties to the action except defendant Muenzer shall each bear his own costs.'' As thus modified, the judgment is affirmed, defendant Muenzer to recover from the plaintiff the costs of his appeal.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied August 29, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1956.