[Civ. No. 18582.   First Dist., Div. Two.   Feb. 15, 1960.]

MARY MARINI et al., Respondents, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Appellants.

Stanley Mosk, Attorney General, Charles A. Barrett and Wiley W. Manuel, Deputy Attorneys General, for Appellants.

J. Frank Murphy and Eugene J. Adams for Respondents.

DOOLING, J.—The Department of Alcoholic Beverage Control appeals from a judgment of the superior court ordering the issuance of a writ of mandate to set aside the order of appellant suspending the petitioners' on-sale license for the sale of beer for 15 days. After a regular hearing before a hearing officer he found that on or about March 25, 1956, Victor Marini, one of the licensees, sold beer to a minor and recommended the 15-day suspension. The appellant board adopted the findings and order so recommended. The licensees appealed to the Alcoholic Beverage Control Appeals Board which affirmed the order.

Respondents seek to affirm the judgment of the superior court on two grounds: 1. The findings and order of appellant are not supported by substantial evidence in the light of the whole record; 2. By conducting the direct examination of the witnesses against the licensees the hearing officer denied the licensees due process of law by combining the functions of accuser, prosecutor and judge.

■ 1. The appellant board under the Constitution exercises judicial functions and hence the superior court cannot reweigh the evidence. (*Brice* v. *Department of Alcoholic Beverage Control*, 153 Cal.App.2d 315, 320 [314 P.2d 807].)

■ The phrase "substantial evidence in the light of the whole record" is equivalent to "the 'substantial evidence' rule as generally applied in judicial proceedings in this state." (*Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 238, 246 [340 P.2d 1].)

■ The case presents no more than the familiar one in which the direct testimony of one witness conflicts with the direct testimony of several. The minor boy was discovered by two agents of appellant drinking beer on the beach at Santa Cruz with a female minor companion. They had two cans of beer which the male minor said that he had bought from Marini. On the hearing the male minor testified positively to this fact. Marini, his wife and three waitresses all testified as positively that Marini sold no beer on that day because he was constantly engaged in cooking. The appellant board chose to believe the one witness rather than the five witnesses and that is the end of it. (*Francis* v. *City & County of San Francisco,*

44 Cal.2d 335, 340 [282 P.2d 496].) Respondents' attempt to argue the credibility of the evidence cannot avail them before a reviewing court. (*Thompson* v. *City of Long Beach*, 41 Cal. 2d 235, 240 [259 P.2d 649] ; *Southern Calif. Jockey Club* v. *California etc. Racing Board*, 36 Cal.2d 167, 177 [223 P.2d 1].)

▮ 2. The hearing officer conducted most of the direct examination of the witnesses produced against the licensees. An examination of the record shows no evidence of bias or prejudice in the questions asked nor anything except a purpose to elicit the testimony which the witnesses were voluntarily prepared to give. Respondents were represented by counsel at the hearing and no objection was made at any time to this procedure. Their claim now that the hearing officer exceeded the bounds of due process in thus conducting the examination comes too late. ▮ The interrogation of witnesses by the trier of the fact is not *per se* erroneous (*People* v. *Miller*, 41 Cal. App.2d 252, 258 [106 P.2d 239] ; *People* v. *Cagigas*, 69 Cal. App.2d 301, 303-304 [158 P.2d 971] ; *People* v. *Golsh*, 63 Cal. App. 609, 615 [219 P. 456]) and if counsel has any valid objection to such proceeding he must voice it at the time, when the trier of the fact may act appropriately on his objection, and not remain silent and speculate on a favorable decision with the idea that if the decision is unfavorable he can then raise the objection to overturn it (*People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 593]).

Since we can find no legal support for the judgment it cannot stand.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.